**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEAN KROGSTAD, | No.   17-15964 |
| Plaintiff, | D.C. No. 2:16-cv-00465-APG-CWH |
| v. | |
| LOAN PAYMENT ADMINISTRATION LLC, | MEMORANDUM* |
| Defendant, | |
| v. | |
| NATIONWIDE BIWEEKLY ADMINISTRATION, INC., | |
| Third-party-plaintiff-Appellant, | |
| v. | |
| BMO HARRIS BANK NA, | |
| Third-party-defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 18, 2018[]
San Francisco, California

Before: M. SMITH and HURWITZ, Circuit Judges, and EATON,[***] Judge.

After being named as a defendant in a putative class action, Nationwide Biweekly Administration, Inc. ("NBA") filed a third-party complaint against BMO Harris Bank ("BMO"), alleging that any potential harm to the putative class was caused by BMO's breach of a contract with NBA. BMO in turn sought to enforce an arbitration clause in its contract with NBA. The district court granted BMO's motion to compel arbitration and dismissed the third-party complaint. We have jurisdiction over NBA's timely appeal pursuant to 9 U.S.C. § 16 and affirm.

1. Arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. NBA argued that the arbitration provision in its agreement with BMO was invalid because it (1) prohibited the parties from bringing class or representative actions against each other and (2) also included a "blow provision," mandating that "if a court decides that this paragraph's prohibition of class or representative actions

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

and/or consolidation is invalid or unenforceable, then the entirety of this arbitration provision will be null and void."

The district court correctly rejected these arguments. The "blow provision" only applies if a court finds that "*this paragraph's prohibition* of class or representative actions" (emphasis added) is invalid. No court has done so; indeed, albeit in different contexts, the Supreme Court has repeatedly rejected arguments that class action waivers are invalid. *See generally AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) (holding that the Federal Arbitration Act preempted a state court rule against class action waivers); *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018) (finding that the National Labor Relations Act does not invalidate class action waivers in labor agreements with arbitration provisions). Moreover, the arbitration clause in the NBA-BMO agreement provides only that the parties will not bring class action or representative claims *against each other*. NBA's third-party complaint against BMO, although filed in a case initiated by the filing of a putative class complaint, is not itself a class or representative action. There was thus no warrant for the district court in this case to consider the enforceability of the class action waiver.

2. NBA also argues that arbitration would abridge its "right" to file a third-party complaint under Federal Rule of Civil Procedure 14(a). Because this argument was not raised below, we decline to consider it. *See Hillis v. Heineman*, 626 F.3d

3

1014, 1019 (9th Cir. 2010).

**AFFIRMED.**